IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GENE MILLER,             )
                                 )
                Plaintiff,       )
                                 )
        v.                       ) Civil Action No. 04-660
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
                Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _____22nd_____ day of August, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, denied. The Commissioner's decision of November 26, 2003, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind

AO 72
(Rev. 8/82)

might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed an application for supplemental security income on August 15, 2002, alleging a disability onset date of February 1, 2000, due to borderline intellectual functioning, major depression, back pain, ringing in the ears and hearing loss. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on August 8, 2003, at which plaintiff, represented by counsel, appeared and testified. On November 26, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On March 19, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision

and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). The ALJ found that plaintiff has a fifth grade education, which is classified as a marginal education. 20 C.F.R. §416.964(b)(2). Plaintiff has past relevant work experience as a dishwasher, prep cook and food vendor but has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of depression, borderline intellectual functioning, and a back impairment, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1, 20 C.F.R. Subpart P, Regulations No. 4.

The ALJ further found that plaintiff retains the residual functional capacity, to perform less than the full range of light work. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, in light of his age, education, work experience and residual functional capacity he nevertheless retains the ability to perform other work existing in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §1382c(a)(3)(A).   The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."   42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.   20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.   Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence:   (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity.   20 C.F.R. §416.920.   See also Newell, 347 F.3d at 545-46.

Here, plaintiff challenges the ALJ's finding at step 3 of the

sequential evaluation process.  Specifically, plaintiff contends
that the ALJ erroneously found that plaintiff does not meet the
listing for mental retardation set forth at 12.05.C.  Upon a
review of the record, this court finds that the ALJ's step 3
analysis is wanting, and this case must be remanded to the ALJ for
additional evaluation.

At step 3, the ALJ must determine whether a claimant's
impairment matches, or is equivalent to, one of the listed
impairments.    Burnett v. Commissioner of Social Security
Administration, 220 F.3d 112, 119 (3d Cir. 2000).  The listings
describe impairments that prevent an adult, regardless of age,
education, or work experience, from performing any gainful
activity.   Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20
C.F.R. §404.1520(d).  "If the impairment is equivalent to a listed
impairment then [the claimant] is per se disabled and no further
analysis is necessary."  Burnett, 220 F.3d at 119.

The burden is on the ALJ to identify the relevant listed
impairment in the federal regulations that compares with the
claimant's impairment.   Id. at 120 n.2.   The ALJ must "fully
develop the record and explain his findings at step 3, including
an analysis of whether and why [the claimant's] ... impairments
... are or are not equivalent in severity to one of the listed
impairments."  Id.

Listing 12.05.C provides in pertinent part:

> Mental retardation refers to significantly
> subaverage general intellectual functioning
> with   deficits   in   adaptive   functioning

> initially manifested during the developmental
> period; i.e., the evidence demonstrates or
> supports onset of the impairment before age
> 22.
>
> The required level of severity for this
> disorder is met when the requirements in A,
> B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale
> IQ of 60 through 70 and a physical or other
> mental impairment imposing an additional and
> significant work-related limitation of
> function; ....

The Third Circuit has stated that under 12.05.C, "'a claimant is presumptively disabled if a) he is mentally retarded, as evidenced by an IQ between 60 and 70, and has been since before the age of 22; and b) he has another impairment, in addition to the mental retardation, that imposes an additional and significant work-related limitation.'" Burns v. Barnhart, 312 F.3d 113, 124 (3d Cir. 2002) (quoting Williams v. Sullivan, 970 F.2d 1181, 1184 (3d Cir. 1992)).

Here, there is no dispute that plaintiff satisfies the (b) prong of listing 12.05.C., i.e., that "he has another impairment ... that imposes an additional and significant work-related limitation." The ALJ expressly found in her decision that plaintiff suffers from the other severe impairments of depression and a back impairment. (R. 18). Under the regulations, the (b) prong is satisfied by a finding that the other impairment is "severe" within the meaning of step 2 of the sequential evaluation process. See Markle v. Barnhart, 324 F.3d 182, 186 (3d Cir.

2003); 20 C.F.R. §416.920(c); 65 Fed. Reg. 50746, 50772 (August 21, 2000).

The plaintiff does, however, dispute the ALJ's finding that plaintiff fails to satisfy the (a) prong of 12.05.C. requiring a valid verbal, performance or full scale IQ score of between 60 and 70. Specifically at issue is the validity of the results of an IQ test administered by David T. Newman, Ph.D., who conducted a psychological evaluation of plaintiff in February 2003, which showed verbal, performance and full scale IQ scores of 67, 67 and 64 respectively. If valid, plaintiff's scores clearly meet the (a) prong of the Listing. However, the ALJ concluded that these scores "were not considered to be valid due to inconsistencies both in the testing results and observations of the claimant during the testing." (R. 14). Upon review of the record and the relevant regulations and case law, this Court finds that the ALJ's finding that the IQ scores are not valid is not supported by substantial evidence.

While it is true that the Commissioner is not required to accept a claimant's IQ scores and may reject scores that are inconsistent with the record, Markle, 324 F.3d at 186, neither may "[a]n ALJ ... reject IQ scores based on personal observations of the claimant and speculative inferences drawn from the record." Morales, 225 F.3d at 318.

The court believes that the ALJ's rejection of the IQ scores in this case could only have been based on speculative inferences drawn from the record. The ALJ's entire analysis of the validity

of the IQ results consists solely of the one sentence conclusion set forth above, that the scores "were not considered valid due to inconsistencies both in the testing results and observations of the claimant during the testing."   However, the sole arguable basis for this conclusion is a statement in Dr. Newman's narration in which he states that the "validity of [the IQ] result is mildly questionable and an estimate of the true level of functioning would fall at least within the borderline range."   (R. 156).

The problem with the ALJ's analysis in this case is that Dr. Newman did not state that the IQ results were invalid, he merely stated that they were "mildly questionable".   Later, in his narrative, however, he offered plaintiff's fifth grade education and the side effects of his medications as plausible explanations for the mildly questionable results.   (R. 156).

At best, Dr. Newman's narration is ambiguous, at worst, it is contradictory.   Because IQ tests are essential to a determination of listing level severity under §12.05.C, it is imperative that the results be clear.   In light of the uncertainty surrounding the IQ results, at a minimum, the ALJ should have sought clarification from Dr. Newman.   If ambiguity remained, a second IQ test should have been administered.   Because the sole basis for rejecting the validity of the IQ results was the ambiguous narration of Dr. Newman, this case must be remanded for additional  analysis as to whether plaintiff meets the (a) prong of Listing 12.05.C.

Finally, the court must reject the Commissioner's argument that the ALJ's decision should be affirmed because the evidence of

record does not support a finding that plaintiff's mental limitations meet the criteria of the introductory paragraph to Listing 12.05.C., i.e., that the record fails to show that plaintiff suffers from "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

However, the court clearly cannot affirm on that basis because the ALJ did not rely on that rationale in her step 3 finding.  In fact, the ALJ failed to address the introductory paragraph of 12.05.C. at all, presumably because she found the IQ test results invalid.  On remand, therefore, in addition to re-evaluating the validity of plaintiff's IQ test results, the ALJ must also undertake an evaluation of the evidence to determine whether plaintiff otherwise suffers from significantly subaverage general intellectual functioning manifesting itself before the age of 22 as required to meet the introductory criteria to Listing 12.05.C.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Gustave Diamond
United States District Judge

cc:  Karl E. Osterhout, Esq.
     The Law Office of Karl E. Osterhout
     570 Edgewood Towne Center Offices
     1789 S. Braddock Avenue
     Pittsburgh, PA 15218

     Ellen M. Fitzgerald
     Assistant U.S. Attorney
     U.S. Post Office & Courthouse
     700 Grant Street, Suite 400
     Pittsburgh, PA 15219