IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM G. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-660 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is plaintiff's counsel's petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412(a) ("EAJA") (Document No. 15), the government's brief in opposition thereto (Document No. 18) and plaintiff's counsel's reply brief. For the following reasons, plaintiff's motion will be granted.

On August 15, 2002, William Gene Miller ("plaintiff") filed an application for supplemental security income under Title XVI of the Social Security Act due to, <u>inter alia</u>, borderline intellectual functioning, depression and a back impairment. On November 26, 2003, an Administrative Law Judge ("ALJ") issued a decision finding that plaintiff is not disabled within the meaning of the Act, and plaintiff filed a civil action in this court seeking judicial review of that decision. On August 22, 2005, this court issued an order granting plaintiff's motion for summary judgment and remanding the case to the Commissioner for further proceedings pursuant to sentence 4 of 42 U.S.C. §405(g).

Plaintiff's counsel subsequently filed a motion for attorney's fees under the EAJA seeking compensation for 36.0 hours of work at an hourly rate of $145.00[1] for a total of $5,220.00 in attorney's fees. The Commissioner does not challenge the requested hourly rate,[2] but does contend that the number of hours claimed by counsel is unreasonable and excessive and submits that plaintiff's counsel's request should be reduced by 7.25 hours to 28.75 hours. After close scrutiny of plaintiff's motion and the Commissioner's objections, the court finds nothing unreasonable or excessive about plaintiff's fee request.

The EAJA is a fee-shifting statute which shifts certain litigation expenses incurred by the prevailing party to the government. Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Oh. 1985). Billing judgment, as used in the private sector, is an important component in assessing time claimed under a fee-shifting statute such as the EAJA. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's <u>client</u> also are not properly billed to one's <u>adversary</u> pursuant to statutory

---

[1]. The amount of $145 per hour requested by plaintiff's counsel is actually slightly less than the per hour prevailing rate under the EAJA in effect at the time plaintiff's counsel filed his fee petition. The EAJA prevailing rate is an adjustment to the maximum hourly rate of $75.00 set in the EAJA taking into account increases in the cost of living since October 1981, and is based on the Consumer Price Index - All Urban Consumers, Pittsburgh, Pennsylvania, supplied by the U.S. Bureau of Labor Statistics. See Allen v. Bowen, 821 F.2d 963 (3d Cir. 1987).

[2]. The Commissioner likewise does not dispute that plaintiff was a prevailing party or that the Commissioner's position was not substantially justified, nor argue that an award of fees would be unjust. See 28 U.S.C. §2412(d)(1)(A).

authority." Id. (emphasis in original; citation omitted).

It follows that in reviewing requests for fees under a fee-shifting statute district courts have an obligation to reduce the number of hours claimed where they are documented inadequately, an unreasonable amount of time is expended on a particular task, or there is clear duplication of effort. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.") (citing Hensley, 461 U.S. at 433).

In light of the foregoing principles, the court finds no basis in this case to reduce the fee requested by plaintiff's counsel. Plaintiff's counsel's time is documented adequately, there does not appear to be any duplication of effort and, contrary to the Commissioner's objections, the requested time does not appear to be overly excessive, particularly in light of the only modest reductions in time for each of the challenged entries suggested by the Commissioner.

The Commissioner submits that plaintiff's counsel's fee request for preparing, filing and serving the complaint should be reduced from .75 to 0; that counsel's fee request for review of the answer and transcript and the preparation, filing and serving of plaintiff's summary judgment motion and brief should be reduced from 22.5 to 20 hours; that counsel's fee request for review of defendant's brief should be reduced from 2 hours to 1 hour; that counsel's fee request for drafting a reply brief should be reduced from 6.6 to 4 hours; and that counsel's request for reviewing the

court's memorandum order should be reduced from 1.5 hours to 1 hour.

After close scrutiny of the various entries challenged by the Commissioner, the court does not believe any reduction in the hours expended for the challenged entries is warranted. First, the court does not agree with the Commissioner that plaintiff's counsel is not entitled to any fee for the preparation, filing and service of the complaint. While it is true that tasks of a clerical or administrative nature should not automatically be compensated at an attorney's hourly rate, it also has been recognized that at least certain aspects of the administrative and management functions of a law office are subsumed within the hourly rate which an attorney is to be awarded under the EAJA. See Williams v. Bowen, 684 F.Supp. 1305, 1308 (E.D.Pa. 1988).

The court does not believe that preparation of a social security complaint, even one consisting of only two "boilerplate" paragraphs, can be considered to be a wholly administrative or clerical task for which no compensation is warranted under the EAJA. A request for .75 hours for drafting, filing and serving a social security complaint does not strike the court as excessive or unreasonable.

Likewise, the court has examined the administrative transcript, the ALJ's decision below and the legal issues raised in plaintiff's brief in support of summary judgment and does not believe that 22.5 is an unreasonable amount of time to have been spent reviewing the record and preparing a summary judgment motion

AO 72
(Rev. 8/82)

and brief in this case, particularly where the Commissioner suggests that 20 hours would not have been unreasonable. The Commissioner offers no explanation as to how spending a mere 2.5 additional hours renders plaintiff's counsel's request excessive.

The court also has reviewed the record and finds nothing unreasonable in the amount of time plaintiff's counsel spent reviewing the Commissioner's brief, preparing a reply brief and reviewing this court's decision and explaining it to his client. Even the suggested reductions by the Commissioner for all of these tasks are modest. Plaintiff's counsel has adequately documented the time spent on these tasks and the court is not inclined to make a determination that, for example, expending 1.5 hours on reviewing a court's order is unreasonable but expending 1.0 hours somehow is not.

Based on the foregoing, the court does not believe that plaintiff's counsel's fee request is either unreasonable or excessive. The court therefore finds that plaintiff's counsel is entitled to attorney's fees under the EAJA for 36.0 hours of work at a rate of $145.00 per hour for a total award of $5,220.00.

An appropriate order follows.

ORDER OF COURT

AND NOW, this 30th day of October, 2006, for the foregoing reasons, IT IS ORDERED that plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA") (Document No. 15) be, and the same hereby is,

granted and plaintiff's counsel hereby is awarded attorney's fees pursuant to the EAJA in the amount of $5,220.00; and,

IT FURTHER IS ORDERED that the Commissioner shall remit forthwith and without undue delay directly to plaintiff's counsel the $5,220.00 EAJA award.

                                              /s/ Gustave Diamond
                                              Gustave Diamond
                                              United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 S. Braddock Ave., Suite 570
    Pittsburgh, PA 15218

    Paul Kovac
    Assistant United State Attorney
    U.S.P.O. & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219